UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. RUGG, ) | 1:09-cv-01623-JLT HC |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY THE |
| ) | PETITION SHOULD NOT BE DISMISSED |
| ) | FOR FAILURE TO STATE A FEDERAL |
| v. ) | CLAIM FOR RELIEF AND FOR |
| ) | VIOLATION OF THE ONE-YEAR |
| D. ADEMS, Warden, ) | STATUTE OF LIMITATIONS |
| ) | |
| Respondent. ) | ORDER DIRECTING THAT PETITIONER |
| _____ ) | FILE A RESPONSE WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his Petition on September 15, 2009. (Doc. 1). Petitioner, who states that he was convicted in 1990 in the Tulare County Superior Court of First Degree Murder and sentenced to life without the possibility of parole, challenges the original sentencing that imposed a restitution fine of $10,000. (Id.). Petitioner contends that trial court violated "state and federal" law in imposing such a restitution fine. Petitioner does not challenge either his conviction or sentence.

A preliminary review of the petition indicates that Petitioner has raised only state law claims and has failed to state a claim for federal habeas relief. Moreover, it appears that the petition is untimely.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is providing Petitioner with the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 9, 2009,[1] and thus, it is subject to the provisions of the AEDPA.

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. For the instant petition, Petitioner signed it on September 9, 2009. (Doc. 1, p. 14).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.). Petitioner would then have one year, until April 24, 1997, within which to file his federal petition.

Here, Petitioner alleges, under penalty of perjury, that he was convicted of first degree murder on June 5, 1990, and that he did not appeal his conviction. (Doc. 1, p. 1). Accordingly, there was no direct review of his conviction, and therefore his conviction would have become final sixty

3

1  days later. People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147

2  (1999).  Thus, because Petitioner's conviction became final prior to the enactment of the AEDPA,

3  the one-year statute of limitations would have commenced on April 25, 1996, and expired on April

4  24, 1997.  As mentioned, Petitioner did not file this petition until September 9, 2009, more than

5  twelve years after the limitation period had expired.  Thus, unless Petitioner is entitled to either

6  statutory or equitable tolling sufficient to account for the twelve-year delay, the petition is untimely

7  and must be dismissed.

       C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

9      Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

10 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

11 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

12 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

13 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

14 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

15 delay in the intervals between a lower court decision and the filing of a petition in a higher court.

16 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as

17 recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks

18 and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see

19 Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183

20 F.3d 1003, 1006 (9th Cir. 1999).

21     Nevertheless, there are circumstances and periods of time when no statutory tolling is

22 allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

23 appeal and the filing of an application for post-conviction or other collateral review in state court,

24 because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

25 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

26 a federal petition.  Id. at 1007.  In addition, the limitation period is not tolled during the time that a

27 federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

28 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December

4

16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas corpus petitions: (1) filed in the Superior Court of Tulare County on September 8, 2008, and denied on September 10, 2008; (2) filed in the California Court of Appeal, Fifth Appellate District on October 20, 2008, and denied on November 6, 2008; and (3) filed in the California Supreme Court on December 3, 2008, and denied on June 10, 2009. (Doc. 1, p. 5).

Even assuming, without deciding, that these three state habeas petitions were "properly filed" within the meaning of the AEDPA, thus normally entitling a petitioner to statutory tolling of the one-year period, none of these three petitions entitles Petitioner to statutory tolling under the AEDPA. A petitioner is not entitled to tolling where, as here, the limitations period has already run prior to filing the state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on April 24, 1997, more than eleven years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA. Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When

5

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has not alleged any entitlement to equitable tolling and, based on the record now before the Court, the Court perceives no basis for equitable tolling. Accordingly, Petitioner will be permitted to respond to the Order to Show Cause and address the Court's concern regarding the timeliness of the petition. If Petitioner fails to provide satisfactory reasons for the apparent untimeliness of the petition, the Court will recommend that the petition be dismissed.

### E. Failure To Raise Cognizable Claims.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of § 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Although Petitioner claims that the restitution fine violates both state and federal law, nowhere in either his petition or the legal arguments attached to his petition does Petitioner cite any federal law violated by the imposition of the restitution fine by the state court.

Issues of state law sentencing errors generally are not cognizable on federal habeas review, unless the petitioner claims a deprivation of due process or equal protection due to the misapplication of the sentencing law. See Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir. 1991); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Miller v. Vasquez, 868 F. 2d 1116, 1118-19 (9th Cir. 1989) (refusing to address sentence enhancement claim).  However, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).  In other words, Petitioner cannot simply make a generalized claim of a "due process" violation and successfully state a federal habeas claim.

Moreover, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).  Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

As mentioned, nowhere does Petitioner allege a specific violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the state court adjudication of his restitution claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Accordingly, because the petition asserts only issues of state law, those claims are not cognizable in this habeas proceeding. Estelle, 502 U.S. at 67.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d), and for failure to state a federal claim. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 8, 2010**                                               **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE