1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. RUGG, | )   1:09-cv-01623-JLT HC |
|                  Petitioner, | )   FINDINGS AND RECOMMENDATIONS TO |
| | )   DISMISS PETITION FOR WRIT OF |
| | )   HABEAS CORPUS |
|    v. | ) |
| | )   ORDER DIRECTING CLERK OF THE |
| D. ADEMS, Warden, | )   COURT TO ASSIGN DISTRICT JUDGE TO |
| | )   CASE |
|               Respondent. | ) |
| | )   ORDER DIRECTING OBJECTIONS TO BE |
|                                          | )   FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his Petition on September 15, 2009. (Doc. 1). Petitioner, who states that he was convicted in 1990 in the Tulare County Superior Court of First Degree Murder and sentenced to life without the possibility of parole, challenges the original sentencing that imposed a restitution fine of $10,000. (Id.). Petitioner contends that trial court violated "state and federal" law in imposing such a restitution fine. Petitioner does not challenge either his conviction or sentence.

On January 8, 2010, after a preliminary review of the petition indicated that Petitioner has raised only state law claims and has failed to state a claim for federal habeas relief, the Court issued an Order to Show Cause why the petition should not be dismissed and gave Petitioner thirty days to respond. (Doc. 8). On February 5, 2010, Petitioner filed his response. (Doc. 9).

1

**DISCUSSION**

    A.  Preliminary Review of Petition

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

       The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the Order to Show Cause on January 8, 2010, the Court provided Petitioner with the notice required by the Ninth Circuit in Herbst.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on September 9, 2009,[1]  and thus, it is subject to the provisions of the AEDPA.

---

[1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  For the instant petition, Petitioner signed it on September 9, 2009.  (Doc. 1, p. 14).

1    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

2    petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

3    reads:

4        (1) A 1-year period of limitation shall apply to an application for a writ of habeas
         corpus by a person in custody pursuant to the judgment of a State court. The
5        limitation period shall run from the latest of –

6            (A) the date on which the judgment became final by the conclusion of direct
             review or the expiration of the time for seeking such review;
7
             (B) the date on which the impediment to filing an application created by
8        State action in violation of the Constitution or laws of the United States is removed, if
         the applicant was prevented from filing by such State action;
9
             (C) the date on which the constitutional right asserted was initially recognized by
10       the Supreme Court, if the right has been newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review; or
11
             (D) the date on which the factual predicate of the claim or claims presented
12       could have been discovered through the exercise of due diligence.

13       (2) The time during which a properly filed application for State post-conviction or
         other collateral review with respect to the pertinent judgment or claim is pending shall
14       not be counted toward any period of limitation under this subsection.

15   28 U.S.C. § 2244(d).

16       In most cases, the limitation period begins running on the date that the petitioner's direct

17   review became final. The AEDPA, however, is silent on how the one year limitation period affects

18   cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has

19   held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas

20   corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition

21   pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th

22   Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d

23   782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations

24   period would begin to run on April 25, 1996. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

25   Petitioner would then have one year, until April 24, 1997, within which to file his federal petition.

26       Here, Petitioner alleges, under penalty of perjury, that he was convicted of first degree

27   murder on June 5, 1990, and that he did not appeal his conviction. (Doc. 1, p. 1). Accordingly, there

28   was no direct review of his conviction, and therefore his conviction would have become final sixty

3

1    days later.  People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147

2    (1999).  Thus, because Petitioner's conviction became final prior to the enactment of the AEDPA,

3    the one-year statute of limitations would have commenced on April 25, 1996, and expired on April

4    24, 1997.  As mentioned, Petitioner did not file this petition until September 9, 2009, more than

5    twelve years *after* the limitation period had expired.  Thus, unless Petitioner is entitled to either

6    statutory or equitable tolling sufficient to account for the twelve-year delay, the petition is untimely

7    and must be dismissed.

8         In his response to the Order to Show Cause, Petitioner argues that the later starting date set

9    forth in § 2244(d)(1)(D) is appropriate because the date of denial of relief in the state courts, i.e.,

10   when Petitioner's state petition was denied, was the operative "fact" of which he became aware

11   within the meaning of § 2241 (d)(1)(D).  (Doc. 9, p. 8).  Moreover, Petitioner argues that he had no

12   reason to file a federal habeas petition until the state court had denied him relief.  (Id.).  Such

13   arguments are unpersuasive.

14        Regardless of whether the denial of collateral relief is a "fact" within the meaning of the

15   AEDPA's statute of limitation, subsection (d)(1)(D) begins "when the prisoner knows (or through

16   diligence could discover) the important facts, not when the prisoner recognized their legal

17   significance."  Hasan v. Galaza, 254 F.3d 1150, 1154, n. 3 (9th Cir. 2001).  Put another way, the

18   subsection is triggered not when the factual predicate was actually discovered by Petitioner and not

19   when Petitioner understands the legal theories available to him or the legal significance of the facts

20   that he discovers, but when he could have discovered those facts through the exercise of diligence.

21        Here, the trial court imposed the $10,000 restitution fine at the 1990 sentencing hearing at

22   which Petitioner was present.  (Doc. 1, p. 16).  Petitioner did not object to the imposition of the

23   restitution fine at his sentencing hearing.  (Doc. 1, p. 12; p. 18).  Thus, Petitioner had actual

24   knowledge of the factual predicate for his claim as of June 5, 1990.  (Doc. 1, p. 16).  Accordingly,

25   even applying subsection (d)(1)(D), as Petitioner urges, the one-year period would have commenced

26   and expired long before the instant petition was filed.

27        Petitioner's argument that subsection (d)(1)(D) is not triggered until a state court has denied

28   collateral relief is not well-taken.  First, § 2244(d)(1) does not provide for such an eventuality, either

4

1    explicitly or implicitly.  Moreover, such a construction would effectively eviscerate the AEDPA's

2    statute of limitations, since the majority of state petitioners first seek to exhaust their claims in state

3    court.  Under Petitioner's construction, all of those state petitioners could avoid the prejudicial

4    effects of the statute of limitation simply by filing collateral challenges in state court and having

5    those challenges denied.  It would become the classic exception that swallowed the rule.

6    Accordingly, the Court rejects Petitioner's argument as frivolous.[2]

7          C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

9    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

10   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

11   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

12   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

13   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

14   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

15   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as

16   recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks

17   and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see

18   Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183

19   F.3d 1003, 1006 (9th Cir. 1999).

20         Nevertheless, there are circumstances and periods of time when no statutory tolling is

21   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

22   appeal and the filing of an application for post-conviction or other collateral review in state court,

23   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

24   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

25

26       [2]Petitioner's further contention–i.e., not running the one-year period from the date of denial of relief in the state court
     habeas proceedings would render the federal habeas proceeding "inadequate and ineffective" because it would unreasonably
27   require a state prisoner to complete his state collateral review process within one year--is also without merit.  (Doc. 9, p. 7).
     As discussed infra, the AEDPA anticipates this very issue by providing statutory tolling during the pendency of any "properly
28   filed" state habeas petition.

a federal petition. Id. at 1007.   In addition, the limitation period is not tolled during the time that a

federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

(2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December

16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has

already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended

before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a

petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated

claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas corpus petitions: (1) filed in

the Superior Court of Tulare County on September 8, 2008, and denied on September 10, 2008; (2)

filed in the California Court of Appeal, Fifth Appellate District on October 20, 2008, and denied on

November 6, 2008; and (3) filed in the California Supreme Court on December 3, 2008, and denied

on June 10, 2009.  (Doc. 1, p. 5).

Even assuming, without deciding, that these three state habeas petitions were "properly filed"

within the meaning of the AEDPA, thus normally entitling a petitioner to statutory tolling of the one-

year period, none of these three petitions entitles Petitioner to statutory tolling under the AEDPA.  A

petitioner is not entitled to tolling where, as here, the limitations period has already run prior to filing

the state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276

F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same);

Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation

of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire,

180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus

filed after expiration of the one-year limitations period).   As mentioned, the limitations period

expired on April 24, 1997, more than eleven years before Petitioner filed his first state habeas

petition.  Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

///

1        D.  Equitable Tolling

2        The limitation period is subject to equitable tolling when "extraordinary circumstances

3    beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland,

4    410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

5    external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

6    claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d

7    1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

8    establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

9    extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

10   1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

11   the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

12   omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

13   1107.

14       Here, Petitioner has not expressly alleged any entitlement to equitable tolling and, based on

15   the record now before the Court, the Court perceives no basis for such equitable tolling.

16   Accordingly, the Court will recommend that the petition be dismissed.

17                                    **ORDER**

18       Therefore, the Court HEREBY ORDERS as follows:

19   1.  The Clerk of the Court is DIRECTED to assign a United States District Judge to this

20          case.

21                              **RECOMMENDATIONS**

22       Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of

23   habeas corpus be DISMISSED as untimely under the AEDPA.

24       This Findings and Recommendation is submitted to the United States District Court Judge

25   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

26   the Local Rules of Practice for the United States District Court, Eastern District of California.

27   Within twenty (20) days after being served with a copy, any party may file written objections with

28   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

2  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

3  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7  IT IS SO ORDERED.

8  Dated:   **March 3, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28